UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 0 4 2011 ★

BROOKLYN OFFICE

CARLOS ROSARIO,

        Plaintiff,

– against –

HILTON WORLDWIDE, INC. F/K/A
HILTON HOTELS CORPORATION
A/K/A THE MILLENNIUM HILTON, &
CDL (NEW YORK) L.L.C. AS
SUCCESSOR BY MERGER TO CDL
(NEW YORK) LIMITED, L.P., A/K/A
MILLENNIUM HILTON,

        Defendant.

MEMORANDUM &

ORDER

09-CV-5336



**JACK B. WEINSTEIN, Senior United States District Judge:**

I. Introduction ........................................................................................................................ 2
II. Facts .................................................................................................................................... 3
   A. Plaintiff's Responsibilities at Millennium Hotel ......................................................... 3
   B. Overview of Housekeeping Manager Group ............................................................. 4
   C. Plaintiff's Job Performance and Disciplinary Steps Taken by Defendant .................. 4
   D. Job Performance of Other Housekeeping Managers and Disciplinary Steps Taken by Defendant .. 5
   E. Wage Increase and Comparative Wage Information ................................................. 6
III. Law ..................................................................................................................................... 6
   A. Summary Judgment Standard ..................................................................................... 6
   B. Age and Sex Discrimination Claims Related to Termination .................................... 7
      1. Title VII, ADEA, and NYCHRL .............................................................................. 7
      2. NYCHRL .................................................................................................................. 8

1

   C.   NYCHRL Gender Discrimination Claim With Regard to Compensation ........................ 8
IV.   Application of Law to Facts ................................................................................................ 8
   A.   Differential Discipline and the *Prima Facie* Case for Claims Related to Termination ..... 8
      1.   Title VII and ADEA Claims ........................................................................................ 9
      2.   NYCHRL Claims ...................................................................................................... 10
   B.   Defendant's Legitimate Non-Discriminatory Reason for Termination ......................... 11
   C.   NYCHRL Gender Discrimination Claim With Regard to Compensation ...................... 12
V.   Conclusion ......................................................................................................................... 13

### I. Introduction

Plaintiff Carlos Rosario sues his former employer Hilton Worldwide, Inc. ("Hilton") & CDL (New York) L.L.C. ("CDL") alleging age and gender discrimination. *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the New York City Human Rights Law, N.Y.C. Admin Code § 8-107 *et seq.* ("NYCHRL"). His age claims are based on the termination of his employment as a housekeeping manager for Millennium Hotel in July 2008. Gender discrimination is predicated upon pay less than that of female housekeeping managers.

Hilton moves for summary judgment. It argues that no rational jury could conclude that Hilton had discriminatory reasons for Rosario's wage scale and termination claims. It relies upon his repeated instances of discipline for poor job performance. Submitted in support of the motion are the employment and disciplinary records of other employees, both male and female, demonstrating no gender or age discrimination.

It is obvious that a hotel chain must insist on cleanliness if it is to stay in business. Hilton's position in disciplining employees who put at risk its reputation for sanitation was not a

2

pretext – particularly at a time when a bedbug scare in New York creates serious concerns for a hotelier.

For the reasons stated below, Defendant's motion is granted.

## II. Facts

Carlos Rosario worked at the Millennium Hotel for approximately 21 years prior to his discharge in July 2008, when he was 54 years old. *See* Plaintiff's Brief in Opposition to Motion for Summary Judgment, p. 2. He was promoted to his most recent position, Housekeeping Manager in 1997. *See id.*

Luis Jordan, the chief witness of the Plaintiff, was employed by the Defendant as Assistant Director of Housekeeping Services from May 2007 until December 2007, when he was asked to resign. *See* Plaintiff's Affidavit of Luis Jordan ("Jordan Aff."), Para. 1; Deposition of Blanca Cruz, Defendant's Ex. N ("Cruz Dep."), p. 33. His testimony on the critical factual issues is not relevant since the culminating events occurred after he left the premises. By contrast, the records of the defendant support its position beyond dispute.

### A. Plaintiff's Responsibilities at Millennium Hotel

Plaintiff's responsibilities as Housekeeping Manager involved inspecting hotel rooms which had been cleaned by housekeeping staff, confirming that the rooms met Hilton standards, and declaring rooms to be vacant and ready for subsequent hotel guests. *See* Plaintiff's Brief in Opposition to Motion for Summary Judgment, p. 2; Plaintiff's Affidavit of Carlos Rosario ("Rosario Aff."), Para. 3.

### B. Overview of Housekeeping Manager Group

From 2005 to 2010, forty different individuals held the position of housekeeping manager. *See* Hilton Housekeeping Manager Roster, Defendant's Ex. U ("Housekeeping Roster"). Of those 40 individuals, fourteen were male; four males were over the age of forty. *Id.* Of the 36 women employed, fifteen women were over the age of 40. *Id.* At least ten individuals were older than 48 during their time of employment, including one female housekeeping manager who was 73 at the time of her voluntary resignation. *Id.*

### C. Plaintiff's Job Performance and Disciplinary Steps Taken by Defendant

In the two years prior to his termination, Hilton staff identified deficiencies in the rooms for which Rosario was responsible on three occasions and counseled the defendant about his performance in each instance. In July 2006, Rosario received a "Coaching and Counseling" relating to the cleanliness of the rooms (e.g. hairs on top sheet and floor, dusty bathroom, soap scum, dirty mirrors). *See* Discussion Planner: Coaching and Counseling, Defendant's Ex. P ("Discussion Planners" are the template that Hilton Hotels uses to record and guide manager's discussions of job performance with employees). A year later, Blanca Cruz, the Hilton Housekeeping Director, gave Rosario a "Written Record of Verbal Warning" based on unsatisfactory conditions found in a guest room (e.g. hair in sink, dirty ice bucket, dusty bathroom, etc.). *See* Discussion Planner: Written Record of Verbal Warning, Defendant's Ex.Q. Plaintiff received a final Written Warning and was placed on a 60-day improvement plan in March 2008, based on the lack of cleanliness of a number of rooms subject to Plaintiff's inspection; a guest complaint was filed on February 26. *See* Discussion Planner: Written Warning, Defendant's Ex. R and Personal Improvement Plan – 60 Days, Defendant's Ex. S. On

4

July 3, 2008, Hilton terminated Rosario, citing similar unsatisfactory room conditions and a lack of improvement in performance. *See* Discussion Planner: Termination, Defendant's Ex. T.

### D. Job Performance of Other Housekeeping Managers and Disciplinary Steps Taken by Defendant

Defendant took similar disciplinary steps with younger, female housekeeping managers. In 2007, Olivia Wu, a 26 year old female housekeeping manager who had transferred to the Millennium Hotel from an affiliate in March 2007, was subject to the same pattern of disciplinary actions imposed upon Rosario. Following discussions on July 6, 2007, July 10, 2007, and May 12, 2008, she was terminated on July 11, 2008 based on the lack of cleanliness of rooms for which she was responsible. *See* Discussion Planners (Olivia Wu), Defendant's Ex. V; Discussion Planner: Termination (Olivia Wu), Defendant's Ex. W.

Of the eight female housekeeping managers who Plaintiff specifically claims were treated more favorably than he, four were disciplined for unsatisfactory performance at or around the same time as Rosario. *See* Transcript of Proceedings, Hearing on Defendant's Motion for Summary Judgment, Jan. 20, 2011, 6 ("Transcript, Jan. 20"). All four of those female housekeeping managers resigned shortly after they were disciplined. *Id.* The three women who were not disciplined maintained impeccable performance records; the remaining woman was disciplined for a non-performance-related infraction. *Id.* Of these eight comparators, five were in their mid-forties, only slightly younger than the plaintiff and in the same protected age discrimination class. *Id.*

Plaintiff relies upon the departures of six male housekeeping managers, claiming that they were either fired or forced to resign. Personnel records from Hilton demonstrate, however, that three of the six housekeeping managers left for other, better paying jobs. *See* Wage Spread

5

Sheet; Housekeeping Roster; Cruz Dep., p. 31; Transcript, Jan. 20 at 7. Five of the six male managers were under the age of 40, and therefore not part of the protected age class. Transcript, Jan. 20 at 7.

### E. Wage Increase and Comparative Wage Information

In October 2007, Rosario received a pay raise of 3.0%, placing his wage at $20.40 per hour. *See* Wage Spread Sheet. At the same time, six of eleven housekeeping managers received higher pay increases. *Id.* Five women received a pay increase of 4.01% or 4.02% and Emerson Thompson, a male, received a pay increase of 3.5%. *Id.* Hilton notes that pay increases were based on performance alone. *See supra* II(D); Transcript, Jan. 20 at 7.

Following these pay adjustments, Plaintiff remained one of the highest paid of the then eleven housekeeping managers, with only two female managers (Amanda Ali and Mary Santana, rate $22.98/hr) and one male manager (Emerson Thompson, rate $21.53/hr) employed at hourly rates higher than his. *Id.* Hilton points out that the pay increases were based solely on individual's job performance. Transcript, Jan. 20 at 7. Amanda Ali, one of the two women who were paid more than Rosario, was eventually promoted to the position of Assistant Director of Housekeeping in recognition of her work. Transcript, Jan. 20 at 4.

### III. Law

#### A. Summary Judgment Standard

Summary judgment is appropriate if, after construing the facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009); *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009); Fed. R. Civ. P. 56(c).

## B. Age and Sex Discrimination Claims Related to Termination

### 1. Title VII, ADEA, and NYCHRL

Employment discrimination claims based on race, age, or sex brought under Title VII, ADEA, and NYCHRL are all analyzed under the *McDonnell Douglasi*, 411 U.S. 792, 802-804 (1973), framework. *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005); *Weinstock v. Columbia Univ.*, 244 F.3d 33, 42 n.1 (2d Cir. 2000). The plaintiff must establish a *prima facie* case by showing that he: (1) is a member of a protected class; (2) was performing his job satisfactorily; (3) was discharged; and (4) his terminated occurred "under circumstances giving rise to an inference of discrimination." *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000); *Leibowitz*, 584 F.3d at 498.

The Court of Appeals for the Second Circuit does not categorically define what circumstances permit an inference of discrimination. A "plaintiff must come forward with some evidence, beyond merely stating that he is a member of a protected class that suffered an adverse employment decision." *Williams v. Palladia, Inc.*, 2009 U.S. Dist. Lexis 15516, 21-22 (S.D.N.Y. Feb. 10, 2009). Such evidence may include "remarks or actions made by decisionmakers that could be viewed as reflecting a discriminatory animus" or "preferential treatment given to employees outside the protected class," *Id.* at 20 (internal citations omitted). A plaintiff may rely upon "the timing or sequence of events leading to the plaintiff's termination." *Id.*

If the employer, in response, can articulate a "legitimate, nondiscriminatory reason" for the termination, the "burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Leibowitz*, 584 F.3d at 499 (internal quotation marks and citation omitted).

7

### 2. NYCHRL

Assessing claims brought under NYRCHL requires an "independent liberal construction" targeted towards "understanding and fulfilling...the City HRL's 'uniquely broad and remedial' purposes which go beyond those of counterpart state or federal civil rights laws." *Sampson v. City of New York,* 2009 U.S. Dist. LEXIS 96526 (S.D.N.Y. Oct. 19, 2009) *citing Williams v. N.Y. City Hous. Auth.*, 61 A.D.3d 62, 66-69, 872 N.Y.S.2d 27, 31 (1st Dep't 2009). Interpretation of comparable language in federal civil rights statutes serves as a "floor below which the City's Human Rights Law cannot fall." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. N.Y. 2009).

### C. NYCHRL Gender Discrimination Claim With Regard to Compensation

In order to succeed in a disparate pay claim pursuant to NYCHRL, a plaintiff must establish a *prima facie* case of discrimination by demonstrating that "he is a member of a protected class and that he was paid less than similarly situated nonmembers of the class." *Shah v. Wilco Sys.*, 27 A.D. 3d 169.

### IV. Application of Law to Facts

### A. Differential Discipline and the *Prima Facie* Case for Claims Related to Termination

Being a male over 40 in age, Plaintiff is a member of protected classes. But he cannot establish that his termination occurred under circumstances giving rise to an inference of discrimination necessary to establish a *prima facie* case of employment discrimination.

There is no substantial evidence, except his own unsupported assumptions, that Plaintiff was terminated under circumstances giving rise to an inference of gender or age discrimination under Title VII, the ADEA and the NYCHRL. He does not allege that he heard any

8

discriminatory remarks from Hilton staff about men or older employees or witness any instance of overt discrimination, or that statistical or other evidence supports the claim. Rather, Plaintiff merely asserts that the reprimands for poor performance and his subsequent termination were instances of "differential discipline" that demonstrated preferential treatment for younger, female employees.

### 1. Title VII and ADEA Claims

In order to prove differential discipline, a plaintiff must demonstrate that comparators were subject to the same performance evaluation and discipline standards. *Graham*, 230 F.3d at 40. Comparators that went undisciplined must also be shown to have "engaged in comparable conduct." *Id.* at 40; *see also Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) (plaintiff found not to be similarly situated after presenting no evidence of similar infractions by comparators). Without the support of specific facts, "plaintiff's speculations, generalities, and gut feelings, however genuine, do not allow for an inference of discrimination to be drawn" and are not sufficient to defeat a motion for summary judgment. *Little v. New York*, 1998 U.S. Dist. LEXIS 21797, *16 (E.D.N.Y 1998); *see, e.g., Memnon v. Clifford Chance*, 667 F. Supp. 2d 334, 340 (S.D.N.Y. 2009).

Rosario offers only his own observations and those of Luis Jordan, who left the Millennium Hotel seven months prior to Rosario's termination, that he was held to a higher standard than younger, female housekeeping managers. He has no evidence that other employees were allowed more infractions, or given more warnings than he was. *See* Deposition of Carlos Rosario, Ex. M ("Rosario Dep."), p. 112. While Jordan's affidavit supports Rosario's claim that his performance was "at least as good" as female housekeeping managers, Jordan was not present for the February 2008 or July 2008 infractions precipitating Rosario's termination and

9

has no direct knowledge of Rosario's performance in 2008. *See* Jordan Aff., para. 8, 1. Rosario offers no hard evidence to support his claim of disparate discipline.

By contrast, Defendants present contemporary records proving that Hilton staff applied the same performance measures to male and female housekeeping managers during the period in question. From July 2007 to July 2008, a 25 year-old female housekeeping manager received three warnings about her job performance – all related to the cleanliness of guest rooms – and was terminated one week after Rosario. *See* Discussion Planners (Olivia Wu), Ex. V, W.

As evidence of age and gender discrimination, Rosario offers his unsupported contention that other male housekeeping managers were fired or forced to resign. According to Hilton's employee records and Cruz's testimony, however, while some male housekeeping managers left involuntarily, others left of their own accord to pursue better opportunities. *See* Housekeeping Roster; Wage Spread Sheet; Cruz Dep., p. 31. Plaintiff's speculation is insufficient to establish an inference of discrimination. *Williams*, 2009 U.S. Dist. Lexis 15516 at 21-22.

### 2. NYCHRL Claims

Even under the more NYCHRL's more generous standard, conclusory assertions that adverse employment action was due to gender or age are not sufficient to establish an inference of discrimination. *Sampson v. City of New York*, 2009 U.S. Dist. LEXIS 96526 (S.D.N.Y. Oct. 19, 2009) (dismissing plaintiff's municipal discrimination claim when plaintiff only submitted her own unsupported assertions as evidence of disparate treatment).

Plaintiff's evidence is insufficient to establish an inference of discrimination necessary for establishing a *prima facie* case under Title VII, ADEA or NYCHRL.

### B. Defendant's Legitimate Non-Discriminatory Reason for Termination

Even assuming that Rosario presents sufficient evidence to make out a *prima facie* case, Hilton has articulated a legitimate, nondiscriminatory reason for terminating Rosario's employment – poor performance – which the plaintiff fails to rebut. Once a plaintiff has established a prima facie case under *McDonnell-Douglas*, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. "At this point, defendant need only present a clear explanation for plaintiff's termination, not prove that the proffered explanation was the actual reason for its decision." *Miller v. NASD*, 703 F. Supp. 2d 230, 245-46 (E.D.N.Y. 2010). Courts have repeatedly recognized poor performance and the failure to satisfactorily complete a performance improvement plan as a legitimate reason for termination in Title VII cases. *Id.* at 246.

If a defendant presents a non-discriminatory reason for the adverse action, a plaintiff may prevail "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (U.S. 1981). He may do this either by "the presentation of additional evidence ... or by reliance on the evidence comprising the prima facie case, without more." Miller, 703 F. Supp. 2d at 246.

Rosario presents no evidence disproving the non-discriminatory basis for his dismissal. Previous disciplinary action was taken against Rosario in the two years leading up to his termination. *See* Discussion Planners, Defendant's Ex. P, Q, R. On three occasions housekeeping management staff alerted Rosario of his poor performance and discussed consequences of non-improvement. *See id.* Only after termination did Rosario lodge an internal complaint or complain of discrimination to state and federal authorities. *See* Rosario Dep., p.

11

129; Charge of Discrimination (New York State Division of Human Rights; New York City Commission on Human Rights), Defendant's Ex. C; U.S. EEOC Notice of Right to Sue, Defendant's Ex. D. The fact that a hotel guest's complaint lead to the instigation of Rosario's 60-day improvement plan further supports the integrity of Hilton's actions. *See.* Ex. R. As noted above, Rosario's "gut feelings," no matter how sincere, are insufficient to raise an issue of fact which would overcome a motion for summary judgment. *Little,* 1998 U.S. Dist. LEXIS 21797 at *16; *see also Sklar v. N.Y. Life Ins. Co.,* 2001 U.S. Dist. LEXIS 12890, *9 (S.D.N.Y. Aug. 23, 2001) (finding that mere fact of plaintiff's age does not raise inference of discrimination).

### C. NYCHRL Gender Discrimination Claim With Regard to Compensation

In order to succeed in a disparate pay claim pursuant to NYCHRL, plaintiff must establish a *prima facie* case of discrimination by demonstrating that "he is a member of a protected class and that he was paid less than similarly situated nonmembers of the class." *Shah v. Wilco Sys.,* 27 A.D. 3d 169.

A comparison of Rosario's wages with other housekeeping managers demonstrates that plaintiff cannot make a prima facie case of discrimination. Plaintiff received less of a raise than some of his female counterparts. *See* Wage Spread Sheet. He already had two disciplinary warnings on his personnel record at that point, which undermines his argument that he was "similarly situated" to those that received a higher raise. Even after the July 2007 raises, plaintiff remained one of the highest paid housekeeping managers, with only two female housekeeping managers, (with better efficiency records than his), out of a total of eleven managers, earning more than him. *See id.* In *Tu v. Loan Pricing Corp.,* 873 N.Y.S.2d 238 the Court dismissed plaintiff's claim of wage discrimination under NYCHRL in light of evidence that a similarly situated male colleague was paid less than she for the same position.

Rosario does not articulate any specific discriminatory intent for the pay increase differentials, but relies on conclusory statements, which are not sufficient to establish a *prima facie* case for similar reasons as outlined in Section IV(A)(i). Plaintiff's reliance on the statements of Luis Jordan, assistant director of housekeeping at the time, is misplaced since Jordan's affidavit fails to support a discriminatory intent at relevant times. *See* Jordan Aff.

V. **Conclusion**

Defendant's motion for summary judgment is granted on all Plaintiff's claims.

The case is dismissed. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein

Senior United States District Judge

Date: January 24, 2011

Brooklyn, New York

13